**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION**

| | | |
|---|---|---|
| **RSS CSAIL2015C3-TX NML, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **Civil Action No. _____** |
| **NORTHWEST OF MCALLEN LIMITED** | § | |
| **PARTNERSHIP and CASA DE PALMA** | § | |
| **BEVERAGE COMPANY,** | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT

Plaintiff, RSS CSAIL2015C3-TX NML, LLC ("Plaintiff" or "Lender"), files this Original Complaint (the "Complaint") against Defendants Northwest of McAllen Limited Partnership ("Borrower") and Casa De Palma Beverage Company ("Licensee") (collectively, the "Defendants").

## NATURE OF RELIEF SOUGHT

1.      This is an action arising out of the Borrower's breach of a commercial real estate loan in the original principal amount of THIRTEEN MILLION FIVE HUNDRED THOUSAND and No/100 Dollars ($13,500,000.00). Borrower failed to pay the amounts owing under the loan, following acceleration of the debt as a result of payment defaults by Borrower.

2.      The loan is secured by, among other things, the Casa De Palmas Renaissance McAllen Hotel, located at 101 N. Main Street, McAllen, Texas 78501 (the "Property").

3.      Accordingly, it has become necessary to appoint a receiver to enter upon and take full control over the management and operations of the Property in order to preserve and maintain the Property and to protect the collateral pending its disposition.

4.     The Borrower's failure to make timely payment on the Loan is an event of default under the Loan, and the collateral is in serious jeopardy.  Under the Deed of Trust, Borrower expressly consented to the appointment of a receiver upon the occurrence of an event of default. Thus, it is appropriate and necessary for the Court to appoint a Receiver for the Property, including the liquor license held by Licensee, which is an essential operational license required to be maintained and transferred under the loan documents.

## PARTIES

5.     RSS CSAIL2015C3-TX NML, LLC is a Texas limited liability company whose sole member is Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of CSAIL 2015-C3 Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2015-C3 ("Wells Fargo"). For purposes of diversity citizenship, the citizenship of a limited liability company is determined by the citizenship of its members.  Wells Fargo is a national banking association in the state of South Dakota; thus, Wells Fargo is a citizen of South Dakota. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (citizenship of national banking association is state in which its main office, as set forth in the articles of association, is located). Accordingly, Plaintiff is a citizen of South Dakota.

6.     Defendant Northwest of McAllen Limited Partnership is a Texas limited partnership. For purposes of diversity citizenship, the citizenship of a limited partnership is determined by the citizenship of its partners. The general partner of Borrower is NOM, Inc., a Texas corporation, having its principal place of business in Vancouver, Washington. The limited partners of Borrower are Richard E. Takach, Jr., John S. Tuner, Jr. and Realvest Corporation, a Washington corporation, having its principal place of business in Vancouver, Washington. Mr. Tackach is a resident of the state of Washington and Mr. Turner is a resident of the state of Louisiana. Accordingly, Borrower is a citizen of Texas, Washington, and Louisiana. *See Mullins*

*v. TestAmerica, Inc.,* 564 F.3d 386, 397 n.1 (5th Cir. 2009) (citizenship of corporation is state of incorporation or principal place of business.). Northwest of McAllen Limited Partnership may be served with process by service upon its registered agent, 2001 Agency Corporation at 14160 Dallas Parkway, Suite 800, Dallas, Texas 75254, or wherever it may be found.

7.     Defendant Casa De Palma Beverage Company is a Texas corporation having its principal place of business in Coppell, Texas. Accordingly, it is a citizen of Texas for diversity purposes. Casa De Palma Beverage Company may be served with process by service upon its registered agent, 2001 Agency Corporation at 14160 Dallas Parkway, Suite 800, Dallas, Texas 75254, or wherever it may be found.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000 exclusive of interest and costs.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because the Property at issue is situated within this district.

## FACTUAL BACKGROUND

10.     Borrower owns and operates the Casa De Palmas Renaissance McAllen Hotel, located at 101 N. Main Street, McAllen, Texas 78501, which Property is more particularly described in the Deed of Trust (defined below). Licensee holds the liquor license for the Property, which is an essential operational license required to be maintained and transferred under the loan documents.

11.     Borrower, and UBS Real Estate Securities, as original lender ("Original Lender"), entered into a Loan Agreement for a loan to acquire the Property. A true and correct copy of the Loan Agreement is attached as **Exhibit A**, and incorporated herein.  On July 7, 2015, Borrower

also executed a Promissory Note in the original principal amount of THIRTEEN MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($13,500,000.00) (the "Note").  The Note was executed by Borrower, by and through its general partner, NOM, Inc., for good and valuable consideration, including the advance of the full principal amount of the Loan.  A true and correct copy of the Note is attached hereto as **Exhibit B**.

12.      Repayment of the Note is secured by, *inter alia*, a Fee and Leasehold Deed of Trust and Security Agreement (the "Deed of Trust") dated as of July 7, 2015, and recorded in the Official Public Records of Hidalgo County, Texas as Document No. 2015-2626301.  A true and correct copy of the Deed of Trust is attached hereto as **Exhibit C**.  As further security for the repayment of the Loan, Borrower executed and delivered an Assignment of Leases and Rents, dated July 7, 2015 (the "Assignment of Rents") to Lender whereby Borrower agreed to an absolute, unconditional, and present assignment of the Leases and Rents generated by the Property.  A true and correct copy of the Assignment of Rent is attached hereto as **Exhibit D**.  The Loan Agreement, Note, Deed of Trust, Assignment of Rents and all other documents executed in connection therewith or relating in any way thereto are referred to hereinafter either individually or collectively as the "Loan Documents."

13.      Pursuant to certain assignments, endorsements and/or transfers of the Loan Documents, RSS CSAIL2015C3-TX NML, LLC, is the holder of the right to receive payments due under the Note and the owner of the liens, security interests and right to enforce the terms of the provisions contained in the Loan Documents. True and correct copies of the Assignments of the Deed of Trust and Assignment of Leases and Rents are attached hereto as **Exhibit E**.

14.      Borrower is in default under the Note and Deed of Trust having failed to pay the monthly installments due thereunder as and when due.  Accordingly, Lender believes there is an

urgent need to protect the value of the Property from imminent danger of loss and diminished value through this Court's appointment of a receiver for the Property so that Lender can provide the money necessary, in Plaintiff's reasonable and good faith discretion, to pay the necessary expenses associated with the operation of the Property, without becoming exposed to mortgagee-in-possession liability.

15.     Pursuant to Article 1 of the Deed of Trust, Borrower absolutely assigned to Lender all existing and future leases, rents and profits, and granted Lender the sole, exclusive and immediate right to demand, collect and receive any and all said leases, rents and profits.

16.     Borrower's failure to timely make the payments under the Note as and when due constitutes an "Event of Default" under the Loan Documents. *See* Exs. A (Section 10.1(a)(i)) and B (art. 2). Despite notice of default and demand for payment made by letter dated June 1, 2018, the Borrower has failed and refused to make the necessary payments to cure its default within the prescribed time period. Consequently, Lender has accelerated the maturity date of the Note and declared the indebtedness evidenced by the Loan Documents due and payable in full on June 11, 2018.  A true and correct copy of the notice of default and acceleration letter is attached hereto as **Exhibit F**.

17.     The unpaid principal due and owing under the Note totals at least $13,049,999.49. Interest, costs, fees and expenses continue to accrue on the outstanding indebtedness under the terms of the Note and related Loan Documents until the outstanding indebtedness is paid in full.

## BREACH OF CONTRACT

18.     Lender sues Borrower for breach of the Note and Loan Documents. Borrower covenanted and agreed under the Loan Documents to timely make all payments due and owing under the Note as and when due. Borrower is in monetary default under the terms of the Note and Loan Documents having failed to pay the monthly payments owing under the Note as and

when due.  Lender sues Casa De Palmas, the license holder, to fulfill Borrower's obligations to cooperate in compelling the transfer of the liquor license to Lender's designee.

19.     As a direct and proximate result of Borrower's default, Lender has been injured (which injury is continuing). Accordingly, Plaintiff is entitled to pursue all remedies available to it under the Loan Documents and at law and in equity to protect the value of Lender's collateral and to collect all amounts due and owing under the terms of the Note, Deed of Trust other related Loan Documents, including but not limited to, the outstanding principal balance, pre-payment premiums, interest, late charges, tax and insurance amounts, and attorneys' fees, costs and expenses incurred by the Plaintiff.

20.     Pursuant to the express terms of the Loan Documents, Plaintiff also seeks the appointment of a receiver for the Property as a result of Borrower's default under the Note and Loan Documents. *See* Ex. C at 7.1(g). Appointment of a receiver is necessary for the preservation of the Property pending resolution of the claims asserted herein or the possible disposition of the Property. Plaintiff's request for appointment of a receiver is more thoroughly set forth in Plaintiff's Unopposed Emergency Application for Receivership, filed contemporaneously herewith.

## CONDITIONS PRECEDENT

21.     All conditions precedent to Plaintiff's recovery have occurred or have been performed.

## ATTORNEYS' FEES AND EXPENSES

22.     Plaintiff is entitled to recover its attorneys' fees, costs and expenses pursuant to the terms of the Note, Deed of Trust and related Loan Documents, and pursuant to Texas law.

## PRAYER

23.     Plaintiff, RSS CSAIL2015C3-TX NML, LLC respectfully requests that:

(a)     a receiver be appointed pursuant to Federal Rule of Civil Procedure 66 and be vested with all necessary authority to act on behalf of Borrower and access and administer all funds and accounts at all banks and other financial institutions owned or controlled by Borrower with regard to the Property, and that upon entry of an order appointing a receiver, all business activities of Borrower and Licensee related to the Property be conducted under the direction and approval of the receiver as requested in Plaintiff's Unopposed Emergency Application for Appointment of Receiver; and

(b)     That Defendants Northwest of McAllen Limited Partnership and Casa De Palma Beverage Company be cited to appear and answer herein and on final trial hereof, Plaintiff have and recover judgment against Defendant Northwest of McAllen Limited Partnership for the outstanding amounts owing under the Note and Loan Documents, together with interest to the extent allowed by applicable law, and its reasonable and necessary attorneys' fees and all costs of court, and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show it is justly entitled.

Respectfully submitted,

WINSTEAD PC

By: */s/ Andrew J. Schumacher*

Andrew J. Schumacher
State Bar No. 24051310
aschumacher@winstead.com
James G. Ruiz
State Bar No. 17385860
jruiz@winstead.com
401 Congress Avenue, Suite 2100

Austin, Texas 78701
(512) 370-2864
(512) 370-2850 (Fax)

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
RSS CSAIL2015C3-TX NML, LLC**